UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELONIECE DUKES,<br><br>                    Plaintiff,<br><br>v.<br><br>VANDO HOLDING LTD,<br><br>                    Defendant. | Civil Action No.: 25-02069 (JXN)(JRA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is the application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) and Complaint (ECF No. 1) filed by Plaintiff Meloniece Dukes, parent and guardian of A.M.G., a minor ("Plaintiff"). For the reasons set forth below, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

**I.   BACKGROUND**[1]

Plaintiff initiated this action on March 25, 2025, against Defendant Vando Holding, Ltd. d/b/a Delta 8 Resellers ("Defendant"). (See Complaint ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that on December 26, 2024, Plaintiff's seventeen-year-old child, A.M.G., purchased Delta-8 hemp products containing tetrahydrocannabinol ("THC") from Defendant's website. (Compl. ¶ 7.) Plaintiff claims Defendant's website had an insufficient age verification system, leading to the sale, distribution, and consumption of the products to Plaintiff's minor child. (Id. ¶ 14.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

In the Complaint, Plaintiff asserts one count of Negligence (Count I), related to Defendant's alleged failure to establish and enforce adequate security measures to prevent minors from purchasing their products online. (*Id.* ¶¶ 10-11.) Plaintiff also asserts a claim for Unfair and Deceptive Trade Practices (Count II), alleging that Defendant misled customers and created an unreasonable risk of harm to minors who were able to purchase marijuana products unlawfully. (*Id.* ¶¶ 12-13.) Plaintiff claims that because of Defendant's actions, A.M.G. was exposed to and consumed an illegal substance, causing emotional distress and other damages. (*Id.* ¶ 9.) Plaintiff seeks $500,000,000 in compensatory damages. (*Id*. at *4.)[2]

## II.  LEGAL STANDARD

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is frivolous or malicious or fails to comply with the proper pleading standards."[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown*, 941 F.3d at 662. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness *sua sponte*." (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007))); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

---

[2] Page numbers preceded by an asterisk (*) reflect CM/ECF pagination.

[3] "[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

## III. <u>DISCUSSION</u>

As noted above, Plaintiff's claims against Defendant are based on harm suffered by Plaintiff's minor child, A.M.G. (*See* Compl. ¶ 9.) Having screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that Plaintiff lacks standing.

To establish Article III standing, Plaintiff must show: (i) she personally suffered an actual or threatened injury; (ii) the injury is fairly traceable to the defendant's illegal conduct; and (iii) the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.*, 454 U.S. 464, 472 (1982). In the ordinary case, a party is denied standing to assert the rights of third persons." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977). "We have not treated this rule as absolute, however, recognizing that there may be circumstances where it is necessary to grant a third party standing to assert the rights of another." *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). The party seeking third-party standing must show (1) "a 'close' relationship with the person who possesses the right," and (2) "a 'hindrance' to the possessor's ability to protect his own interests." *Id.* at 130 (quoting *Powers v. Ohio,* 499 U.S. 400, 411 (1991)). Here, Plaintiff has a parent-child relationship with A.M.G., and A.M.G.'s age is a hindrance to their ability to protect their own interests.

However, while Federal Rule of Civil Procedure 17(c) allows guardians to sue on behalf of minor children in their representative capacities, and litigants may represent themselves in federal court *pro se* under 28 U.S.C. § 1654, the Third Circuit has consistently held that a non-attorney parent may not represent his or her child *pro se* in federal court. *See, e.g., Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child") (quoting

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990)); *see also Watson v. Washington Twp. Pub. Sch. Dist.*, No. 09-3650, 2010 WL 2540180, at *3 (D.N.J. June 17, 2010), *aff'd*, 413 F. App'x 466, 468 (3d Cir. 2011) (finding that a plaintiff-parent could not prosecute any of her son's claims *pro se* in federal court).[4] Further, a parent cannot waive their child's right to counsel. *Osei-Afriyie*, 937 F.2d at 883. When parents are unwilling or unable to obtain counsel for their children, the Court may dismiss the action without prejudice "to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors." *Id*. Here, *pro se* Plaintiff lacks standing to assert any claims on behalf of her minor child. Accordingly, the Court dismisses without prejudice all claims in the Complaint purportedly brought on behalf of A.M.G.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. An appropriate Order accompanies this Opinion.

**DATED:** January 12, 2026

HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[4] Since *Osei-Afriyie*, the Third Circuit has upheld the proposition that parents cannot represent their minor children in federal court. *See, e.g., Cole v. Montague Bd. of Educ.*, 145 F. App'x 760, 762 n.1 (3d Cir. 2005); *Harris–Thomas v. Christina School Dist.*, 145 F. App'x 714, 715 (3d Cir. 2005) (holding that a non-attorney parent cannot represent her child in federal court for a school district's alleged civil rights violations); *Pinkney v. City of Jersey City Dept. of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (stating that a parent cannot bring suit on behalf of a minor or mentally incompetent adult child without counsel for an alleged violation of Section 1983); *see also Wolf v. Escala*, No. 14-5985, 2015 WL 2403106, at *8 (D.N.J. May 20, 2015) (holding that a parent could not seek relief on behalf of her children pro se, including relief for a "laundry list of injuries" based on alleged violations of federal and state law); *Woodruff ex rel. B.W. v. Hamilton Twp. Pub. Sch.*, No. 06-3815, 2007 WL 4556968, at *2-3 (D.N.J. Dec. 20, 2007) (finding that parents lacked "standing to prosecute any of their son's claims.").