**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELONIECE DUKES, *parent and guardian of A.M.G., a minor,*<br><br>Plaintiff,<br><br>v.<br><br>VANDO HOLDING LTD,<br><br>Defendant. | Civil Action No.: 25-02069 (JXN)(JRA)<br><br>**OPINION AND ORDER** |

**NEALS**, District Judge

Pro *se* Plaintiff Meloniece Dukes ("Plaintiff") sued Defendant Vando Holding, Ltd. d/b/a Delta 8 Resellers ("Defendant") as parent and guardian of A.M.G., a minor. Citing the well-established rule that a non-attorney parent may not represent his or her child *pro se* in federal court, the Court dismissed Plaintiff's Complaint without prejudice. Plaintiff, still acting *pro se*, moves to reopen pursuant to Federal Rule of Civil Procedure[1] 60(b) and/or for reconsideration of the Court's January 12, 2026 Opinion and Order. (ECF No. 6.) The Court has carefully reviewed Plaintiff's submission and decides the motion without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff is the parent and legal guardian of A.M.G. (Compl. ¶ 1, ECF No. 1.) On March 25, 2025, Plaintiff initiated this action as the parent and guardian of A.M.G., then a 17-year-old minor, against Defendant, alleging that A.M.G. was able to purchase and consume marijuana

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

products from Defendant's website, causing emotional distress to A.M.G. and other damages. (Compl. ¶¶ 7, 9, ECF No. 1.)

Upon screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court issued an Opinion and Order on January 12, 2026, dismissing Plaintiff's claims without prejudice. (*See* Op. and Order, ECF Nos. 3–4.) The Court found that Plaintiff, *pro se*, lacked standing to assert claims on behalf of her minor child, A.M.G., and directed the Clerk of Court to close this matter.[2] (*See* Op. at 4.)

On May 27, 2026, Plaintiff, still appearing *pro se*, moved to reopen this case and/or reconsider the dismissal of the Complaint. (Pl.'s Mot., ECF No. 6.) Plaintiff relies on alleged "unresolved harm, ongoing consequences, and newly presented material circumstances impacting [her] ability to fully and fairly litigate this case," as well as the Court's equitable authority under Rule 60(b). (*Id.* at 1–3.) Specifically, Plaintiff alleges, among other things, that "the purchase and/or consumption of substances associated with AMG and related conduct referenced in this litigation" led to investigations by the Arizona Department of Child Safety "between approximately April 2025 and January 2026", the loss of her professional licenses and primary residence, declining health, and restrictions on contact with her minor children. (*Id.* at 2–3.)

## II. DISCUSSION

Although Plaintiff moves to reopen pursuant to Rule 60(b), she also expressly seeks reconsideration of the Court's January 12, 2026 dismissal. (*See id.* at 1.) Rule 54(b) permits reconsideration of interlocutory orders, while Rule 60(b) governs requests for relief from final judgments or orders. *See* Fed. R. Civ. P. 54(b), 60(b). Because Plaintiff has failed to demonstrate

[2] In its January 12, 2026 Opinion, the Court noted that "When parents are unwilling or unable to obtain counsel for their children, the Court may dismiss the action without prejudice 'to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors.'" (Op. at 4, quoting *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991)).

entitlement to relief under either standard, the Court need not resolve whether its prior dismissal constitutes a final order for purposes of Rule 60(b).

Plaintiff's motion provides no basis for disturbing the Court's prior determination. Although Plaintiff describes additional personal, financial, and familial hardships allegedly resulting from her child's purchase and use of Defendant's products, these allegations neither establish grounds for relief under Rule 60(b) nor warrant reconsideration under Rule 54(b). Specifically, Plaintiff has not demonstrated that the purportedly newly discovered evidence, or "newly developed facts" as Plaintiff refers to them in her motion, concern facts that existed when she originally filed the Complaint and that she was excusably unaware of. *See Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011) ("To the extent that [Plaintiff] properly moved to reopen pursuant to Rule 60(b)(2), the "newly discovered evidence" would have to be evidence of facts in existence at the time of his original filing of which he was excusably ignorant.") (quoting *United States v. 27.93 Acres of Land,* 924 F.2d 506, 516 (3d Cir.1991) (citations omitted)). Further, Plaintiff has failed to allege extraordinary circumstances justify reopening this action, or that reconsideration of the Court's prior ruling is otherwise warranted. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). More importantly, Plaintiff's additional allegations do not cure the deficiencies underlying the Court's January 12, 2026 dismissal. Plaintiff cannot pursue her child's claims in her own name or represent her child *pro se* in federal court. *See Osei-Afriyie*, 937 F.2d at 882–83. To the extent Plaintiff now asserts injuries personal to her, she has not alleged sufficient facts showing that those injuries are fairly traceable to Defendant's conduct rather than to third-party actions or independent proceedings. Further, Plaintiff's allegations regarding child-protection or family-court proceedings

do not, on their own, establish grounds for reconsideration of the Court's January 12, 2026 dismissal.[3] Accordingly, Plaintiff's motion to reopen and for reconsideration is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS** on this 10th day of November 2026,

**ORDERED** that the Clerk of Court shall reopen this matter for purposes of entering this Opinion and Order only; it is further

**ORDERED** that Plaintiff's motion to reopen pursuant to Rule 60(b) and for reconsideration of the Court's January 12, 2026 Order (ECF No. 6) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Opinion and Order upon Plaintiff by regular U.S. mail and shall **CLOSE** this matter.

**JULIEN XAVIER NEALS**
**United States District Judge**

[3] The Court expresses no opinion on the merits of any claims that Plaintiff or her child may bring through the appropriate procedural process.